UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
———————————————————————————

SHANE T. STOKES,

     Petitioner,

   V.

WILLIAM POWERS,

     Respondent.

———————————————————————————

**REPORT AND
RECOMMENDATION**

04-CV-758
(NAM/VEB)

## I. INTRODUCTION

Petitioner Shane T. Stokes, acting *pro se*, commenced this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.  In 2002, Petitioner was convicted in a New York State court of Criminal Possession of a Controlled Substance in the Third Degree and sentenced to a term of imprisonment.  Petitioner was released from prison on May 15, 2006. (Docket No. 19).  Petitioner contends that his conviction was imposed in violation of his constitutional rights and should therefore be vacated.

This matter was referred to the undersigned by the Honorable Norman A. Mordue, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and is presently before this Court for a report and recommendation. (Docket No. 21).

## II. BACKGROUND

**A.**   **Facts**

In 2001, Auburn City Police officers purchased cocaine from Petitioner during undercover operations.  On December 5, 2001, the officers executed a search warrant and

found Petitioner in possession of six grams of cocaine and arrested him.

## B.     State Trial Court Proceedings

The Honorable Peter E. Corning, Cayuga County Court Judge, presided over Petitioner's plea proceedings. Petitioner was represented by David P. Elkovitch, Esq.  On April 18, 2002, Petitioner signed a waiver of indictment and pled guilty pursuant to a Superior Court Information to one count of Criminal Possession of a Controlled Substance in the Third Degree.  (P at 2-8).[1]  On June 6, 2002, Petitioner was sentenced to a term of imprisonment of six to eighteen years.  (S at 13).[2]

## C.     State Appellate Proceedings

Petitioner, represented by Charles A. Marangola, Esq., appealed his conviction to the Appellate Division, Fourth Department, of the New York State Supreme Court. Petitioner, through counsel, asserted one argument before the Appellate Division, namely, that the indeterminate sentence of six (6) to eighteen (18) years was harsh and excessive. Petitioner also submitted a *pro se* supplemental brief arguing that his sentence was harsh and excessive.

In a decision issued on May 2, 2003, the Appellate Division unanimously affirmed Petitioner's conviction and sentence without opinion.  People v. Stokes, 305 A.D.2d 1127 (4th Dep't 2003). Petitioner's application for leave to appeal to the Court of Appeals was denied on July 9, 2003. People v.Stokes, 100 N.Y.2d 587 (2003).

---

[1] References preceded by "P" are to the transcript pages of Petitioner's plea proceedings.

[2] References preceded by "S" are to the transcript pages of Petitioner's sentencing proceedings.

On October 19, 2003, Petitioner, acting *pro se*, filed a motion pursuant to Criminal Procedure Law ("CPL") § 440.10 to vacate the judgment of conviction, asserting that: (1) he was threatened and coerced into pleading guilty by the police and his attorney; (2) the trial court's animosity, coercion, and prejudice induced his guilty plea; (3) he was maliciously prosecuted;(4) his mental state was impaired by psychotropic medication; and (5) ineffective assistance of counsel.

On January 30, 2004, Judge Corning denied Petitioner's motion pursuant to CPL § 440.10 (2)(c), finding that his claims were procedurally defaulted because they had not been raised on direct appeal before the Appellate Division, and, in any event, concluding that the claims were meritless.  On February 20, 2004, Petitioner applied for leave to appeal the trial court's decision to the Appellate Division, Fourth Department,[3] which denied leave to appeal on April 5, 2004.

## D.  Federal Habeas Corpus Proceedings

Petitioner, proceeding *pro se*, commenced this action on June 16, 2004, by filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Western District of New York. (Docket No. 1).  Thereafter, this action was transferred to the United States District Court for the Northern District of New York. In his Petition, Petitioner asserts that he is entitled to habeas relief because: (1) he was threatened and intimidated into pleading guilty; (2) the trial court improperly encouraged

---

[3]Respondent states in his Memorandum of Law that Petitioner sought leave to appeal to the Appellate Division, First Department, however, a review of the file reveals that Petitioner sought leave to appeal to the Fourth Department.  (Docket No. 9 at 6).

his involuntary plea; (3) the prosecution committed misconduct by engaging malicious prosecution; (4) he was denied the effective assistance of counsel; (5) his mental state was impaired by the use of psychotropic medication causing an involuntary plea; and (6) there was no probable cause to issue a search warrant leading to his arrest.  (Docket No. 1).

For the reasons set forth below, this Court recommends that the Petition be DISMISSED.

## III. DISCUSSION

**A.     Federal Habeas Corpus Standard**

Federal habeas corpus review of a state court conviction is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Under AEDPA, federal courts must give substantial deference to a state court determination that has adjudicated a federal constitutional claim "on the merits."  28 U.S.C. § 2254(d); Sellan v. Kuhlman, 261 F.3d 303, 309-10 (2d Cir. 2001).  The Second Circuit has stated that an "adjudication on the merits" is a "substantive, rather than a procedural, resolution of a federal claim."  Sellan, 261 F.3d at 313 (quotation omitted).  The Second Circuit has also held that even a one-word denial of a petitioner's claim is sufficient to constitute an "adjudication on the merits" for purposes of AEDPA.  Id. at 312-313.

Specifically, AEDPA requires that where a state court has adjudicated the merits of a Petitioner's federal claim, habeas corpus relief may not be granted unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

4

determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Both AEDPA and its predecessor statute recognize that a presumption of correctness shall apply to state court findings of fact, Whitaker v. Meachum, 123 F.3d 714, 715 n. 1 (2d Cir. 1997), and AEDPA requires a Petitioner to rebut that presumption by "clear and convincing evidence."  28 U.S.C. § 2254(e)(1); LanFranco v. Murray, 313 F.3d 112, 117 (2d Cir. 2002).  A presumption of correctness applies to findings by both state trial and appellate courts.  Galarza v. Keane, 252 F.3d 630, 635 (2d Cir. 2001); Whitaker, 123 F.3d at 715 n.1.

In Williams v. Taylor, 529 U.S. 362, 413 (2000), the Supreme Court defined the phrases "contrary to" and "unreasonable application of" clearly established federal law.  A state court decision is "contrary to clearly established federal law . . . if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Court] has on a set of materially indistinguishable facts."  Id.

A state court decision involves "an unreasonable application of" Supreme Court case law if it "identifies the correct governing legal principle from [the Court's] decisions but unreasonably applies that principle to the particular facts of [a] prisoner's case."  Id.

Under this standard, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application

must also be unreasonable." Id. at 411.  In order to grant the writ there must be "some increment of incorrectness beyond error," although "the increment need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).


**B.    Petitioner's Claims**

As set forth above, Petitioner has been released from custody.  Therefore, as a threshold matter and before proceeding to a discussion of Petitioner's claims, this Court must determine whether it continues to have jurisdiction over the Petition.

**1.    "In Custody" Requirement**

As this Court has previously noted, "[a] petitioner may file a petition for habeas relief only if he is 'in custody.'" Baker v. Murray, 460 F. Supp.2d 425, 428 (W.D.N.Y. 2006).  The Supreme Court has determined that "[t]he federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" Maleng v. Cook, 490 U.S. 488, 490-491, 109 S.Ct. 1923,1925 (1989) (citing 28 U.S.C. § 2241(c)(3)) (emphasis added); see also 28 U.S.C. § 2254(a); Wheel v. Robinson, 34 F.3d 60, 63 (2d Cir. 1994 (citing 28 U.S.C. § 2254(a)).

"We have interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng, 490 U.S. at 490-491 (emphasis added)  (citing Carafas v. LaVallee, 391

U.S. 234, 238, 88 S.Ct. 1556, 1560, 20 L.Ed.2d 554 (1968)).

In this case, Petitioner was in custody at the time he commenced these proceedings. The Supreme Court has held that a habeas petition challenging a criminal conviction is "not necessarily mooted when the petitioner is released from prison, as collateral consequences of that conviction may still impinge on the petitioner post-release, and therefore a case or controversy may continue to exist." Perez v. Greiner, 296 F.3d 123, 125 (2d Cir.2002) (citing Pollard v. United States, 352 U.S. 354, 358, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957); Sibron v. New York, 392 U.S. 40, 54-56, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968) (citing deportation, inability to become a citizen, impeachment evidence in future criminal trials, and increased future sentences as examples of collateral consequences and asserting a presumption that these consequences attach to criminal convictions post-release)).

Once a litigant's sentence has expired, however, "some concrete and continuing injury other than the now-ended incarceration or parole-some 'collateral consequence' of the conviction-must exist if the suit is to be maintained." Spencer, 523 U.S. at 7, 118 S.Ct. 978 (quoting Carafas v. LaVallee, 391 U.S. 234, 237-38, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968)).

For petitioners such as Petitioner in the present case, who are challenging the validity of their convictions on federal habeas review, the Supreme Court has "been willing to presume that a wrongful criminal conviction has continuing collateral consequences" so that their habeas petitions do not become moot after their release. Id. at 8.  In light of the presumption of collateral consequences applicable here, this Court finds that, notwithstanding his release from incarceration, Petitioner's habeas petition presents a justiciable "case or controversy" for purposes of conferring subject matter jurisdiction under

Article III, Section 2 of the United States Constitution.


        **2.**       **Grounds One, Two, and Five: Involuntary Guilty Plea**

Petitioner's grounds one, two, and five for habeas relief assert that his guilty plea was made involuntarily and/or without an understanding of the consequences of the plea. Specifically, Petitioner asserts that he was coerced into pleading guilty by his trial counsel, the police, the prosecutor, the trial court, and as a result of his own mental state. Respondent argues that these claims are procedurally defaulted under the "adequate and independent state ground" doctrine.

        **a.**       **Procedural Bar**

There is no dispute regarding the fact that Petitioner did not raise these claims on direct review before the Appellate Division. When addressing these claims on collateral review in Petitioner's CPL §440.10 motion, the trial court found that the claims were barred pursuant to CPL §440.10(2), due to the fact that they were not raised on direct appeal.

The Supreme Court has held that federal courts shall "not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (citations omitted). "This rule applies whether the state law ground is substantive or procedural." Id. (citations omitted).

The independent and adequate state ground doctrine may bar federal habeas review "when a state court declined to address a prisoner's federal claims because the prisoner

had failed to meet a state procedural requirement" for in such cases "the state judgment rests on independent and adequate state procedural grounds." Id. (citing, inter alia, Wainwright v. Sykes, 433 U.S. 72, 81, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)).

Thus, an adequate and independent finding of procedural default precludes federal habeas review of the federal claim, unless the habeas petitioner can show "cause" for the default and "prejudice" attributable thereto, Murray v. Carrier, 477 U.S. 478, 485, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), or demonstrate that the failure to consider the federal claim on habeas will result in a "fundamental miscarriage of justice,' " id. at 495, 106 S.Ct. 2639 (quoting Engle v. Isaac, 456 U.S. 107, 135, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982)).

"[A] procedural bar will be deemed 'adequate' only if it is based on a rule that is 'firmly established and regularly followed' by the state in question." Garcia v. Lewis, 188 F.3d 71, 77 (2d Cir.1999) (quoting Ford v. Georgia, 498 U.S. 411, 423-24, 111 S.Ct. 850, 112 L.Ed.2d 935 (1991)).

Whether application of the procedural rule is "'firmly established and regularly followed' " must be judged in the context of "the specific circumstances presented in the case," and "of the asserted state interest in applying the procedural rule in such circumstances." Cotto v. Herbert, 331 F.3d 217, 240 (2d Cir.2003) (quoting Lee v. Kemna, 534 U.S. 362, 386-87, 122 S.Ct. 877, 151 L.Ed.2d 820 (2002)).

In the State of New York, the legislature has provided that a court reviewing a CPL §440.10 motion is bound to reject any claims concerning matters of record that could have been raised on direct appeal.  CPL § 440.10(2)(c); see also Sweet v. Bennett, 353 F.3d 135, 139 (2d Cir. 2003)(stating that the purpose of this rule "is to prevent [section] 440.10 from being employed as a substitute for direct appeal when [the] defendant was in a

position to raise an issue on appeal . . . or could readily have raised it on appeal but failed to do so.")(quoting <u>People v. Cooks</u>, 67 N.Y.2d 100, 103(1986)).  Accordingly, the trial court's denial of these claims pursuant to CPL § 440.10(2)(c) constitutes an adequate and independent state law ground, which generally precludes habeas review.

**b.      Potential Cause to Excuse Default**

Because there is an adequate and independent finding by the state court that Petitioner procedurally defaulted grounds one, two, and five, Petitioner must show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." <u>Coleman v. Thompson</u>, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

Petitioner alleges no cause for his default, and to the extent he is asserting that his fourth ground for habeas relief claiming ineffective assistance of counsel is his cause for default, his claim would still fail.  Theoretically, a viable claim on ineffective assistance of appellate counsel claim might provide cause to excuse the default if Petitioner could establish that the claims at issue should have been raised on direct appeal.

However, to constitute cause to justify relief from the procedural default, a claim of ineffective assistance of *appellate* counsel must itself be properly before the habeas court. <u>See</u> <u>Reyes</u>,118 F.3d at 140 (holding that "a petitioner may not bring an ineffective assistance claim as cause for a default when that ineffective assistance claim itself is procedurally barred") (citing <u>Murray v. Carrier</u>, 477 U.S. 478, 488-89 (1986)); <u>see</u> <u>also</u> <u>Maisonet v. Conway</u>, No. CV-04-2860, 2007 WL 2027323, at *4 n. 21 (E.D.N.Y. July 10, 2007).

10

Even assuming *arguendo* that Petitioner has raised an ineffective assistance of appellate counsel claim,[4] any such claim would be unexhausted and procedurally barred, as it was not presented as part of Petitioner's 440 motion to the state court and no petition for writ of error *coram nobis* was ever filed.   Moreover, even if such a claim was properly before this Court, it would not constitute cause to excuse the default, because the underlying claims are lacking in merit and, as such, appellate counsel's decision not to raise those claims cannot be considered unconstitutionally ineffective.

###        c.        **Merits of Petitioner's Voluntariness Claim**s

Even assuming *arguendo* that Petitioner's voluntariness claims are not procedurally barred, the claims are without merit. Because a "plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence[,]" review of the conviction is "ordinarily confined to whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569, 109 S.Ct. 757, 762, 102 L.Ed.2d 927 (1989); see also Mabry v. Johnson, 467 U.S. 504, 508, 104 S.Ct. 2543, 2546-47, 81 L.Ed.2d 437 (1984) ("It is well-settled that a voluntary and intelligent plea of guilty made by  an accused person, who has been advised by competent counsel, may not be collaterally attacked.").

###        i.        **Competency**

---

[4]Although it does not appear from the face of his petition that he is asserting ineffective assistance of *appellate* counsel, his fourth ground claiming ineffective assistance of counsel states that he was denied effective assistance "at all stages in the proceedings."  (Docket No. 1 at 8).  While, in context, it appears that he is only referring to his trial counsel, this Court will construe his pleadings liberally to be asserting a claim for ineffective assistance of appellate counsel as well.  McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir.2004); see also Fleming v. United States, 146 F.3d 88, 90 (2d Cir.1998) (per curiam) (holding that a district court must review *pro se* petitions "with a lenient eye, allowing borderline cases to proceed") (quotation omitted).

In ground five of his petition, Petitioner asserts that he was not mentally competent to enter a guilty plea as a result of "psychotropic medication" he was taking.  The "constitutional right to due process is violated when a person who is incompetent is convicted of a crime, whether the conviction follows a trial or a plea of guilty." Harris v. Kuhlmann, 346 F.3d 330, 349 (2d Cir.2003) (citing Cooper v. Oklahoma, 517 U.S. 348, 354 (1996)). To satisfy due process, a defendant must have the ability to "to consult with his lawyer with a reasonable degree of rational understanding and a rational as well as factual understanding of the proceedings against him." Id. (quoting Cooper v. Oklahoma, 517 U.S. at 354).

On habeas review, a state court's competency determination is entitled to a presumption of correctness.  Demosthenes v. Baal, 495 U.S. 731, 735 (1990); see Francis v. Stone, 221 F.3d 100 (2d Cir. 2000).   In this regard, it is well-settled that the determination as to "whether a defendant is competent to stand trial is within the discretion of the trial court, and that decision is entitled to deference." Galusha v. Duncan, No. 02-CV-1602, WL 4198272, at *9 -10  (N.D.N.Y. Nov. 21, 2007) (collecting cases).

"A federal court may not overturn such determinations unless it concludes that they [competency determinations] are not 'fairly supported by the record.'" Id. (citing  28 U.S.C. § 2254(d)(8)); see also, Murphy v. Kelly, 99 F.3d 401 (2d Cir. 1995)("The factual findings of trial and appellate state courts are entitled to a presumption of correctness in federal habeas proceedings[.]").

In the present case, the trial court's conclusion that Petitioner was competent to plea guilty is fairly supported by the record.  The trial court had the opportunity to observe Petitioner in court and thoroughly questioned him on the record, reviewing the terms of the

plea agreement and confirming Petitioner's understanding of those terms. (Docket No. 14, P at p. 4-5, 6-8).  Petitioner engaged in the plea allocution with his trial counsel at his side. The court asked Petitioner if he was pleading guilty because he was guilty, to which Petitioner responded "yes."  (Id. at 4).  Petitioner stated that he had no mental or physical disabilities impairing his ability to enter a voluntary guilty plea.  (Id. at 5).

In light of the foregoing, this Court finds that the trial court's determination with regard to Petitioner's competency was not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  In addition, Petitioner has provided this Court with no medical evidence indicating that said medication actually impaired his ability to understand the nature and consequences of his plea.[5]  Accordingly, even if this claim was not procedurally barred, Petitioner would not be entitled to habeas relief on the basis of competency.

### ii.    Voluntariness in Fact

In Tollett v. Henderson, the Supreme Court noted that "[t]he focus of federal habeas inquiry is the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." 411 U.S.258, 266 (1973); see also North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) (stating that relevant inquiry for the federal habeas court was whether the guilty plea "represent[ed] a voluntary and intelligent choice among the alternative courses of action open to the defendant").

---

[5]See Respondent's Declaration in Opposition To Petition For A Writ of Habeas Corpus, Exhibit I. Exhibit I contains Petitioner's uncertified medical records with respect to the medications he was taking which do not indicate impaired competency.

If a petitioner pleads guilty based "on the advice of counsel, he must demonstrate that the advice was not 'within the range of competence demanded of attorneys in criminal cases.'" Id. (quoting McMann v. Richardson, 397 U.S. 759, 771(1970)).

The "test for determining the [constitutional] validity of guilty pleas ... was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. at 31; accord, e.g., Kelleher v. Henderson, 531 F.2d 78, 81 (2d Cir.1976); Wilson v. McGinnis, 413 F.3d 196, 198-99 (2d Cir.2005).

In the present case, as noted above, the §440 court concluded that Petitioner's claims concerning his guilty plea were unpreserved.  In addition, that court further found that the claims were meritless and the Appellate Division, Fourth Department, affirmed that decision.

For the following reasons, this Court finds that Petitioner has not established that the Appellate Division's decision in this regard was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A review of the transcript from the plea hearing reveals that Petitioner was informed of and knew what he was doing when he pled guilty.  The terms of the plea agreement were discussed on the record.  (Docket No. 14, P at 6-7).  The trial court reminded Petitioner of his right to have the case tried, but that if he accepted the plea agreement and entered a plea of guilty, he would waive those rights, and Petitioner stated that he understood the consequences of his plea.  (Id. at 5-7).

14

Petitioner, while under oath and represented by counsel, stated that his guilty plea was voluntary and that he had not been coerced.  (Id. at 4-7).  The trial court asked a number of questions to ensure that Petitioner understood what his guilty plea would mean. The trial court then reviewed the sentencing possibilities.  (Id. at 6-7).  There is nothing in the record to indicate that Petitioner's decision to plead guilty was anything but knowing, voluntary, and intelligent.

Furthermore, Petitioner has not provided credible evidence that would justify overlooking his statements under oath that he was choosing to plead guilty of his own accord. In the context of a plea allocution, a defendant's "[s]olemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977); accord, e.g., Adames v. United States, 171 F.3d 728, 732 (2d Cir.1999). Such statements "are generally treated as conclusive in the face of the defendant's later attempt to contradict them." Adames v. United States, 171 F.3d 728, 732 (2d Cir.1999) (citing United States v. Gonzalez, 970 F.2d 1095, 1101 (2d Cir.1992) (no evidentiary hearing necessary where criminal defendant makes allegations that simply contradict his statements made under oath at plea allocution); United States v. Bambulas, 571 F.2d 525, 526 (10th Cir.1978) (holding that statements at plea allocution are conclusive absent credible reason "justifying departure from their apparent truth").

Petitioner's unsupported allegations that he was coerced into pleading guilty are not sufficient to warrant relief.  See United States v. Torres, 129 F.3d 710, 715-17 (2d Cir.1997) (finding that claims that a guilty plea was involuntary were properly denied when contradicted by plea allocution that defendant was not coerced or pressured into pleading guilty); see also United States v. Hernandez, 242 F.3d 110, 112-13 (2d Cir.2001).

15

Petitioner's claim appears to be based upon "the legal equivalent of buyer's remorse." Contino v. United States, 07 Civ. 7084, 2007 WL 4591999, at *7 (S.D.N.Y. Dec. 28, 2007) (quoting Powell v. Omnicom, 497 F.3d 124, 127 (2d Cir.2007)).

For the foregoing reasons, this Court finds that Petitioner's challenge to his plea agreement should be DENIED.

### 3.   Ground Three: Prosecutorial Misconduct- Malicious Prosecution

#### a.   Procedural Bar

In Petitioner's third ground for habeas relief, he argues that he was maliciously prosecuted and that the prosecutor knew throughout his proceedings that his constitutional rights were being violated.  (Docket No. 1 at 8).  Petitioner raised this claim in his CPL §440.10 motion.  The trial court stated that this was procedurally barred pursuant to §440.10(2), and also not a ground for relief in a §440.10 proceeding.

As set forth above, in New York, the legislature has provided that a court reviewing a CPL §440.10 motion is bound to reject any claims concerning a matter of record that could have been raised on direct appeal.  See, CPL § 440.10(2)(c).  Indeed, Petitioner did not raise this issue on direct appeal before the Appellate Division.  Accordingly, the trial court's reliance on §440.10(2)(c) as a bar to Petitioner's claim of malicious prosecution is adequate and, as set forth above, Petitioner fails to offer any cause for his default. Therefore, Petitioner's claim for malicious prosecution should be DISMISSED.

#### b.   Merits

Even if Petitioner's claim was not procedurally barred, it is without merit.  "A

16

malicious prosecution claim under New York law requires the plaintiff to prove '(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions.'" Jocks v. Tavernier, 316 F.3d at 136 (quoting Murphy v. Lynn, 118 F.3d 938, 947 (2d Cir.1997) (internal quotation marks omitted in original)).

Petitioner's claim for malicious prosecution must fail for at least two reasons.  First, the proceedings did not terminate in his favor due to the fact that he pled guilty.  Secondly, his guilty plea indicates there was probable cause to commence the proceedings against him.  Lastly, Petitioner has failed to establish the fourth prong of a malicious prosecution claim-proving actual malice.

"Under New York law, malice does not have to be actual spite or hatred, but means only 'that the defendant must have commenced the criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served.' " Lowth v. Town of Cheektowaga, 82 F.3d 563, 573 (2d Cir.1996) (quoting Nardelli v. Stamberg, 44 N.Y.2d 500, 502-03 (N.Y.1978)). Petitioner has not alleged, let alone come forward with any actual evidence that, the police department or prosecutor initiated the criminal proceeding against him out of "actual malice."  Petitioner simply argues that the prosecutor continued to prosecute him even though his constitutional rights were being violated. Accordingly, even if Petitioner's claim for malicious prosecution were not barred, it should be DISMISSED for his failure to establish any of the elements required to state a *prima facie* claim.

17

**4.  Ground Four: Ineffective Assistance of Counsel**

  **a.    Procedural Bar**

In Petitioner's fourth ground for habeas relief, he asserts that he was denied the effective assistance of counsel.  Respondent argues that this claim is also procedurally barred and does not warrant habeas relief.  Petitioner did not raise this claim before the Appellate Division on direct review, but instead in his CPL §440.10 motion to vacate judgment.  The §440 court found that this claim was barred, citing CPL §440.10(2) due to Petitioner's failure to raise the claim on direct appeal.  The Appellate Division affirmed that decision.  As discussed above, this constitutes an independent and adequate state ground preventing this Court from reviewing Petitioner's claim of ineffective assistance of counsel. See  Wainwright v. Sykes, 433 U.S. at 81.

  **b.    Merits**

In any event, to prevail on an ineffective assistance of counsel claim, Petitioner must satisfy the two-part test set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In order to establish that counsel's performance was constitutionally deficient, the petitioner must demonstrate that the representation he received "fell below an objective standard of reasonableness." Id. at 687-88.

Second, the petitioner must show that counsel's deficient performance prejudiced his defense. Id. at 692. To demonstrate prejudice, Petitioner must prove that, "but for"

counsel's errors, there was a reasonable probability that the outcome of the proceeding would have been different. Id. at 694. Failure to satisfy either requirement of Strickland is fatal to a petitioner's claim of ineffective assistance. See id. at 696 ("[T]here is no reason for a court deciding an ineffective assistance claim ... to address both components of the inquiry if the defendant makes an insufficient showing on one.").

The Strickland standard applies to claims of ineffective assistance raised by defendants convicted pursuant to a guilty plea. See Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); accord, e.g., United States v. Couto, 311 F.3d 179, 187 (2d Cir.2003).  In the context of a guilty plea, the prejudice inquiry "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill, 474 U.S. at 59.  To demonstrate "prejudice," the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id.

 As the Second Circuit has noted, "an evaluation of ineffective assistance of counsel usually begins with an examination of the strength of the Government's case." United States v. Helgesen, 669 F.2d 69, 71 (2d Cir.1982).

Based upon this Court's review of the record, Petitioner has failed to establish convincing proof of any actual weaknesses in the prosecution's case which his attorney disregarded; to the contrary, it appears that the prosecution had a fairly substantial amount of credible proof against Petitioner.  Petitioner sold crack-cocaine to undercover officers on two separate occasions.  Based on those two sales, the police executed a search warrant during which they found Petitioner in possession of six grams of cocaine.

Counsel's advice to Petitioner to plead guilty, given the charges against him, the

strength of the prosecution's case, and the offer extended to him, "was within the range of competence demanded of attorneys in criminal cases." McMann v. Richardson, 397 U.S. at 771.

Moreover, Petitioner obtained, with his attorney's assistance, a favorable plea agreement.  Petitioner had a prior criminal history and for sentencing purposes would have been characterized as a  second felony offender.  If Petitioner had gone to trial and been convicted of either count, he would have faced a minimum of four and one-half (4 ½)  to nine (9) years imprisonment, and a maximum of twelve and one-half (12 ½) to twenty five (25) years sentence.  Penal Law §§ 70.06(3)(b), (4).  Additionally, the sentences could have been imposed consecutively because the transactions occurred on separate dates.  Penal Law § 70.25(2).  Instead, Petitioner plead guilty and received a sentence of six to eighteen years and has since been released from prison.  (Docket No. 19).

Because Petitioner received a  much more favorable sentence then had he proceeded to trial and been convicted on the charges in the indictment, he has experienced no prejudice.  See Feliz v. United States, 2002 WL 1964347, *7 (S.D.N.Y.) ("No prejudice exists when a plea agreement lessens the severity of the sentence the defendant would face if convicted at trial.") (citing Moran v. United States, No. 96 Civ. 3657, 1998 WL 54616, at *5 (S.D.N.Y. Feb.10, 1998)); Scott v. Superintendent, Mid-Orange Corr. Fac., 2006 WL 3095760, *9 (E.D.N.Y. Oct.31, 2006)).

Petitioner's claim of ineffective assistance of counsel appears to be based on nothing more than his after-the-fact dissatisfaction with the prosecution's plea offer and the resultant term of incarceration, which does not constitute a valid basis on which to find that his counsel was ineffective. Accord Albanese, 415 F.Supp.2d at 254 (citing United States

v. Garguilo, 324 F.2d 795, 797 (2d Cir.1963) ("A convicted defendant is a dissatisfied client, and the very fact of his conviction will seem to him proof positive of his counsel's incompetence.")).   Accordingly, the Court recommends that Petitioner's claim that he received ineffective assistance of counsel be DENIED as procedurally barred and, in any event, without merit.

### 5.      Ground Six: Illegally Issued Search Warrant

In Petitioner's sixth claim for habeas relief, he asserts that the search warrant was issued without probable cause.  (Docket No. 1- "Ground Six").  Petitioner accordingly claims that there should therefore be an evidentiary hearing and his arrest and seizure of the contraband should be "suppress[ed]."  (Id.).   Respondent argues that this claim is unexhausted and waived by Petitioner's guilty plea.

#### a.      Waiver

It is well-settled that a defendant's properly counseled and entered plea of guilty admits all of the elements of a formal criminal charge and waives a multitude of federal constitutional rights. Tollett v. Henderson, 411 U.S. at 267.

The rights waived include the privilege against compulsory self-incrimination, the right to confront one's accusers, the right to a jury trial, the right to a speedy trial, and the right to require the prosecutor to prove the crime beyond a reasonable doubt. Id.; accord, e.g., Miller v. Angliker, 848 F.2d 1312, 1319 (2d Cir.), cert. denied, 488 U.S. 890, 109 S.Ct. 224, 102 L.Ed.2d 214 (1988).  As the United States Supreme Court has explained,

> [A] guilty plea represents a break in the chain of events which has preceded
> it in the criminal process. When a criminal defendant has solemnly admitted

in open court that he is in fact guilty of the offense with which he is charged, he
may not thereafter raise independent claims relating to the deprivation
of constitutional rights that occurred prior to the entry of the guilty plea. He may
only attack the voluntary and intelligent character of the guilty plea by showing
that the advice he received from counsel was not within the standards set forth
in McMann [v. Richardson, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d
763 (1970) ].

Tollett , 411 U.S. at 267; accord United States v. Coffin, 76 F.3d 494, 497 (2d Cir.1996) ("A

defendant who pleads guilty unconditionally while represented by counsel may not assert

independent claims relating to events occurring prior to the entry of the guilty plea. 'He may

only attack the voluntary and intelligent character of the guilty plea by showing that the

advice he received from counsel was not within [acceptable] standards.' ") (quoting Tollett,

411 U.S. at 267) (alteration in original)); see also United States v. Garcia, 339 F.3d 116,

117 (2d Cir.2003) ( per curiam ) ("It is well settled that a defendant who knowingly and

voluntarily enters a guilty plea waives all non-jurisdictional defects in the prior

proceedings."); Whitehead v. Senkowski, 943 F.2d 230, 233 (2d Cir.1991) ("Generally a

knowing and voluntary guilty plea precludes federal habeas corpus review of claims relating

to constitutional rights at issue prior to the entry of the plea.").

As the issuance of a search warrant and Petitioner's arrest occurred well prior to the

entry of his guilty plea, Petitioner has waived this argument in these proceedings.

### b.    Merits

In any event, Petitioner's claim that his arrest was unlawful is not cognizable on

habeas review.  In general, state court defendants are barred from obtaining habeas relief

based upon Fourth Amendment claims. "Where the State has provided an opportunity for

full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted

habeas corpus relief on the ground that evidence obtained in an unconstitutional search

or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 494, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976) (footnotes omitted).

The Second Circuit has noted that Stone requires only that "the state have provided the opportunity to the state prisoner for full and fair litigation of the Fourth Amendment claim." Gates v. Henderson, 568 F.2d 830, 839 (2d Cir.1977) ( en banc ), cert. denied, 434 U.S. 1038, 98 S.Ct. 775, 54 L.Ed.2d 787 (1978) (emphasis added). A federal court may undertake habeas review only in one of two instances: (1) "[i]f the state provides no corrective procedures at all to redress Fourth Amendment violations," or (2) if "the state provides the process but in fact the defendant is precluded from utilizing it by reason of an unconscionable breakdown in that process...." Id. at 840; accord Capellan v. Riley, 975 F.2d 67, 70 (2d Cir.1992).

A petitioner receives a "full and fair opportunity" to litigate his Fourth Amendment claim where the state provides a " 'statutory mechanism' for suppression of evidence tainted by an unlawful search and seizure." McPhail v. Warden, Attica Corr. Facility, 707 F.2d 67, 69 (2d Cir.1983). Here, New York clearly affords defendants the requisite corrective procedures. See N.Y.Crim. Proc. Law § 710.10 et seq.; see also Capellan, 975 F.2d at 70 (noting that "federal courts have approved New York's procedure for litigating Fourth Amendment claims, embodied in N.Y.Crim. Proc. Law § 710.10 et seq. (McKinney 1984 & Supp.1988) as being facially adequate").

Thus, Petitioner may not raise his Fourth Amendment claims on habeas review because he was provided with the opportunity to fully adjudicate these matters in state court. The case law makes clear that the fact that Petitioner chose not to avail himself of that opportunity because of his guilty plea  is of no moment; his Fourth Amendment claims

still are not cognizable on habeas review.

Accordingly, Petitioner's sixth claim for habeas relief should also be DISMISSED.


## IV. CONCLUSION

For the reasons stated above, the Court recommends Shane T. Stokes' petition for

a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied and that the Petition be

dismissed.  Because Petitioner has failed to make a substantial showing of a denial of a

constitutional right, I recommend that a certificate of appealability not issue.  See 28 U.S.C.

§ 2253(c)(2) (1996).

Respectfully submitted,

Victor E. Bianchini
United States Magistrate Judge

DATED:       March 27, 2008

Syracuse, New York

## V. ORDERS


Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report &

Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy

of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the**

Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as NDNY Local Rule 72.1(c).

FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN. Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and NDNY Local Rule 72.1(c).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material *which could have been, but were not*, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

SO ORDERED.

 March 27, 2008

Victor E. Bianchini
United States Magistrate Judge

25