UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

**SHANE T. STOKES,**
                                   **Petitioner,**

              **-v-**                                            **9:04-CV-758**

**WILLIAM POWERS,**
                                   **Respondent.**

◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

APPEARANCES:

Shane T. Stokes
Petitioner, *Pro Se*

Hon. Andrew M. Cuomo, Attorney General of the State of New York
Frederick H. Wen, Esq., Assistant Attorney General
120 Broadway
New York, New York 10271
Attorney for Respondent

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

Petitioner brings this *pro se* proceeding for habeas corpus under 28 U.S.C. § 2254. In 2002, petitioner was convicted in a Cayuga County Court upon a guilty plea to criminal possession of a controlled substance, third degree, and sentenced to a term of imprisonment. Petitioner was released from prison on May 15, 2006. In this proceeding, petitioner contends that his conviction was imposed in violation of his constitutional rights and should therefore be vacated. Respondent filed a Memorandum of Law and affidavits in opposition to the petition (Dkt. Nos. 9-13). The matter was referred to United States Magistrate Judge Victor E. Bianchini for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.4.

Magistrate Judge Bianchini has issued a Report and Recommendation recommending dismissal of the petition (Dkt. No. 23). Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court reviews

*de novo* those parts of a magistrate judge's report and recommendation to which a party specifically objects. Where only general objections are filed, the Court reviews for clear error. *See Brown v. Peters*, 1997 WL 599355,*2-*3 (N.D.N.Y.), *aff'd without op.*, 175 F.3d 1007 (2d Cir. 1999). Failure to object to any portion of a report and recommendation waives further judicial review of the matters therein. *See Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir. 1993).

Magistrate Judge Bianchini's Report and Recommendation, dated March 27, 2008, advised petitioner that any objections must be filed within 10 days of receipt, *i.e*., April 10, 2008, and that failure to file objections within the specified time or to request an extension of time to file objections waives the right to appeal any district court order adopting the Report and Recommendation. On April 23, 2008, petitioner filed a notice of change of address (Dkt. No. 24) and an objection to the Report and Recommendation dated April 16, 2008 (Dkt. No. 25). Petitioner did not give proffer any reason for his untimely objections or for his failure to seek an extension of time. By letter filed on April 30, 2008, respondent requested dismissal of petitioner's objections as untimely (Dkt. No. 26).

In view of petitioner's *pro se* status and the relatively brief delay, the Court accepts petitioner's objection despite its untimeliness. In his brief objection, petitioner states:

> The report and recommendation has avoided the unquestionable documented proof of the instant case Judge and District Attorney, but implies that the conscious doing of a wrong because of dishonest purpose or moral obliquity.
>
> As you can see the total avoidness of point 3. "The entire issue of Judge Corning's personal bias prejudice against petitioner has been overlooked in that the meet and merits of said crucial issue has never been conclusively refuted."

It appears that petitioner's objection is directed primarily to issues bearing on the

voluntariness of his guilty plea.  Upon *de novo* review of the record, the Court adopts Magistrate Judge Bianchini's treatment of these issues.  The Court finds no other ground for habeas corpus relief.

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]"  28 U.S.C. § 2253(c)(1)(A).  A certificate of appealability may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Since petitioner has failed to make such a showing, the Court does not issue a certificate of appealability in this matter.

It is therefore

ORDERED that the Report and Recommendation (Dkt. No. 23) by United States Magistrate Judge Victor E. Bianchini is approved and adopted; and it is further

ORDERED that the petition is dismissed; and it is further

ORDERED that the Court does not issue a certificate of appealability.

IT IS SO ORDERED.

Date:   May 5, 2008
        Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge